IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. Giles, | C/A No. 0:12-728-DCN-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Doctor Allan C. Walls;<br>Nurse Eillen Delaney;<br>Doctor Robert Poiletman, *sued in their individual capacities*, | |
| Defendants. | |

The plaintiff, James A. Giles, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Perry Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

In the above-captioned case, Plaintiff has brought suit against two physicians and a nurse. Plaintiff alleges that the defendants in this case "acted with deliberate indifference when Placing Plaintiff on Seroquel[.]" (Compl., ECF No. 1 at 2.) Plaintiff filed a grievance (No. PCI-1895-09) on November 9, 2009, and received his final answer on May 19, 2010. Plaintiff also indicates that he appealed to the South Carolina Administrative Law Court, which denied his appeal.

In the "STATEMENT OF CLAIM" portion of the Complaint, Plaintiff alleges that on September 19, 2009 Dr. Walls prescribed Seroquel and directed that Doxepin be discontinued. Over the course of several months, Plaintiff's dosage of Seroquel increased from twenty-five milligrams to one thousand milligrams. Plaintiff alleges or contends that administration of the Seroquel caused him to "contract" diabetes, high cholesterol, and high triglycerides. As a result, Plaintiff has been prescribed "Metformin" and "Gemfribrozil" for those two conditions. Plaintiff contends that his treatment history shows deliberate indifference:

> The totality of the treatment history described above so deviated from Professional Standards that it amounted to deliberate indifference. Additionally, deliberate indifference is demonstrated by the treatment of "Giles" psychological condition by Medical Staff who lacked the qualifications or training to treat his condition. Furthermore, the harm "Giles" suffered [—] diabetes and with high Cholesterol / triglycerides [—] is Sufficiently Serious to make out an Eight [*sic*] Amendment Claim of unnecessary and Wanton infliction of Pain.

(Compl., ECF No. 1 at 6.) In his prayer for relief, Plaintiff seeks compensatory damages of three million dollars, punitive damages of one million dollars, and other relief deemed just and proper by this court.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of

PJG

Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

*PJG*

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

On April 19, 2010, in James A. Giles v. Doctor Allan Walls, et al., Civil Action No. 0:10-959-DCN-PJG, Plaintiff brought a civil rights action and alleged deliberate indifference to his serious medical needs.[2]  In the Complaint in that matter, Plaintiff alleged that the defendants' administration of the drug Seroquel caused him to become diabetic.  The

---

[2] This court may take judicial notice of Civil Action No. 0:10-959-DCN-PJG.  See, e.g., Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties:  "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); Long v. Ozmint, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) (" 'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.' ").

defendants in Civil Action No. 0:10-959-DCN-PJG filed a motion for summary judgment on October 25, 2010. Plaintiff filed a response in opposition.

The assigned United States Magistrate Judge issued a Report and Recommendation on July 18, 2011 recommending that the defendants' motion for summary judgment be granted. Plaintiff filed objections. The Honorable David C. Norton overruled Plaintiff's objections and issued an Order adopting the Report and Recommendation. On August 24, 2011, Chief Judge Norton also denied Plaintiff's Rule 59 motion.

Plaintiff's subsequent appeal (Fourth Circuit Docket No. 11-7156) was not successful. On February 3, 2012, the United States Court of Appeals for the Fourth Circuit affirmed the judgment in Civil Action No. 0:10-959-DCN-PJG. See Giles v. Walls, No. 11-7156, 2012 WL 340226 (4th Cir. Feb. 3, 2012). The mandate and judgment in Civil Action No. 0:10-959-DCN-PJG were received by this court on February 27, 2012.

Since Civil Action No. 0:10-959-DCN-PJG was decided by summary judgment, the Plaintiff's claims relating to the administration of Seroquel in the above-captioned case are barred by the doctrine of *res judicata*. *Res judicata* bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. See Brown v. Felsen, 442 U.S. 127, 131 (1979); Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991); cf. Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989) (" '[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.' ").

Page 5 of 7
*PJG*

## RECOMMENDATION

This case is duplicative and therefore frivolous. Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed with prejudice and without service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 13, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).